UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick O'Neal Harris,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons;<br>W. Pistory; Timothy Young; S. Janson;<br>L. Newcomb; T. Hamilton; A. Lemos;<br>P. Davis; R. Ferry; Coleman; Evans;<br>K. Bonorden; Wells; Nevils; D. Cooper;<br>Parker; A. Brayes; C. Barsh; Preston;<br>Moreaus; Morales; Williard; Screws;<br>Guss; Vindanver; Lovett; Ellison;<br>C. Thorpe; B. Perez; Howard; Ready;<br>M. Allen; A. Brinson; K. Ridgeway;<br>Randolph; R. Velez; K. Julian;<br>L. Brabham; M. Taylor; C. Rodrigues;<br>Dorsey; S. Gianelli; K. Wohlgemuth;<br>Morgan; A. Anderson; Schmidtz;<br>F. Collins; Governor, South Carolina;<br>Director, Federal Bureau of Prisons; and<br>John Does,<br><br>    Defendants. | Case No. 2:23-cv-06282-DCC-MGB<br><br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Patrick O'Neal Harris, a former federal prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action mostly seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. While the undersigned has authorized service of process with respect to most Defendants here, Plaintiff's allegations against the Governor of South Carolina must be summarily dismissed, along with any claims brought

pursuant to the Prison Rape Elimination Act, the Occupational Safety Health Act, 42 U.S.C. § 1983, or as part of a class action.

## BACKGROUND

The Complaint is premised on a series of incidents and various conditions of confinement Plaintiff allegedly experienced while incarcerated at the Federal Correctional Institution, Edgefield ("FCI Edgefield").[1] (*See* Dkt. Nos. 1, 1-1, 1-4, 1-5, 12-2, 12-4.) For example, Plaintiff claims that certain prison officials failed to protect him when they knowingly placed him in a cell with an inmate with a long history of serious behavioral problems and then ignored the "emergency button" as that inmate began assaulting Plaintiff with fecal matter and other bodily fluids. (Dkt. No. 1 at 4–5.) Plaintiff also alleges inadequate medical treatment based on certain prison officials' purported failure to provide him with his required seizure medications, and a subsequent incident of excessive force that ensued when Plaintiff confronted staff members about said medications. (*Id.* at 6–8, 10, 14–17; Dkt. No. 1-4 at 10–11.) These are only a few illustrative examples of the incidents and conditions of confinement challenged in Plaintiff's Complaint. He seeks over $5 million in damages. (Dkt. No. 1-4 at 15.)

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. To protect against possible abuses, the court must dismiss

---

[1] Any references to the "Complaint" herein encompass Dkt. Nos. 1, 1-1, 1-4, 1-5, 12-2, and 12-4. (*See* Dkt. No. 19 at 1–2, construing Plaintiff's pleadings "liberally to allow for the development of a potentially meritorious case.")

any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of

3

liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

Based on Plaintiff's experiences at FCI Edgefield, the Complaint allegations violations of the Prison Rape Elimination Act ("PREA"); violations of the Americans with Disabilities Act ("ADA"); violations of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments; violations of the Occupational Safety Health Act ("OSHA"); intentional infliction of emotional distress; negligence; and malpractice. (Dkt. No. 1 at 2; Dkt. No. 1-4 at 8.) Although Plaintiff states that he is bringing his constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he also references 42 U.S.C. § 1983 and suggests that he is bringing a "class action" for "a mass toxic tort." (Dkt. No. 1 at 2.) For the reasons discussed below, the undersigned finds that some of these claims are plainly subject to summary dismissal and therefore recommends that the scope of this action be limited accordingly.

### I.     Prison Rape Elimination Act

The PREA "was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction, and punishment of prison rape." *Bracy v. Tully*, No. 1:22-cv-827-RDA-WEF, 2022 WL 3229325, at

4

\*2 (E.D. Va. Aug. 10, 2022). In other words, the PREA aimed to reduce the "incidents of sexual misconduct in our nation's correctional facilities by providing grants and educational initiatives . . . intended to enhance education, investigation, protection, prevention, and prosecution of sexual offenses." *Id.* "However, the PREA did not create a private right of action allowing a plaintiff to bring a claim pursuant to the PREA against a prison official." *Bivens v. Boyd*, No. 9:22-cv-4553-SAL-MHC, 2023 WL 6542259, at \*3 (D.S.C. Mar. 22, 2023), *adopted*, 2023 WL 6540905 (D.S.C. Oct. 6, 2023); *see also Chapman v. Willis*, No. 7:12-cv-389, 2013 WL 2322947, at \*4 (W.D. Va. May 28, 2013) (finding that "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act," nor does the statute "grant prisoners any specific rights"). Thus, while allegations of sexual abuse or noncompliance may arguably amount to an Eighth Amendment violation, Plaintiff cannot pursue such claims pursuant to the PREA. The undersigned therefore finds that any claims brought under the PREA are subject to summary dismissal.

## II. Occupational Safety Health Act

"Congress enacted OSHA for the declared purpose of assuring 'so far as possible every working man and woman in the Nation safe and healthful working conditions.'" *See Brennan v. Gilles & Cotting, Inc.*, 504 F.2d 1255, 1259 (4th Cir. 1974) (referencing 29 U.S.C. § 651(b)); *see also Dowdell v. Love's Travel Stop*, No. 7:12-cv-516, 2013 WL 3655666, at \*2 (W.D. Va. July 12, 2013) (noting that the purpose of OSHA was "to reduce the alarming number of personal injuries and illnesses arising out of hazardous working conditions, and to assure safe and healthful working conditions for working men and women. . . .") (internal citations and quotation marks omitted), *aff'd*, 544 F. App'x 199 (4th Cir. 2013). Similar to the PREA, however, "[c]ourts [have] routinely conclude[d] that '[t]he OSHA statute does not create a private right of action, meaning

5

that a private citizen cannot sue for an OSHA violation even where he is injured.'" *See Burnett v. Aldi, Inc. Maryland*, No. 1:23-cv-376-JRR, 2024 WL 51129, at *11 (D. Md. Jan. 4, 2024) (citing *Changamire v. Baltimore City Bd. of Sch. Commissioners*, No. 1:23-cv-1546-SAG, 2023 WL 5984016, at *3 (D. Md. Sept. 14, 2023)). Accordingly, while OSHA does not appear to apply to Plaintiff in the first instance, any purported violations of the statute based on Plaintiff's conditions of confinement at FCI Edgefield are subject to summary dismissal. Once again, Plaintiff may raise such allegations as constitutional violations and/or pursuant to the FTCA if appropriate.

**III.     42 U.S.C. § 1983/Governor of South Carolina**

Next, it is worth clarifying that despite the Complaint's repeated references to 42 U.S.C. § 1983, the purported deprivations of Plaintiff's constitutional rights fall exclusively under the purview of *Bivens*, which applies to claims against federal officials. "Although § 1983 gives plaintiffs the statutory authority to sue state officials for money damages for constitutional violations, there is no statutory counterpart to sue federal officials." *Mays v. Smith*, 70 F.4th 198, 201 (4th Cir. 2023). "If they are to proceed at all, plaintiffs suing federal-officer defendants must proceed under an implied cause of action first established by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971)." *Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 269 (4th Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (internal citations omitted)).

Because Plaintiff is raising constitutional violations that allegedly occurred at a federal prison facility at the hands of federal prison officials, any such claims must be brought pursuant to *Bivens*, rather than § 1983. To that end, the Complaint is, not surprisingly, devoid of any specific

6

allegations against the Governor of South Carolina, who constitutes a state actor and has no authority over or involvement with the Federal Bureau of Prisons or the facility where Plaintiff was confined. *See Denton*, 504 U.S. at 31 (finding claim frivolous if it "lacks an arguable basis either in law or in fact"); *see also Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendant in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020). Thus, the undersigned finds that any claims brought pursuant to § 1983 are subject to summary dismissal, as are any claims brought against the Governor of South Carolina.

### IV. Class Action

Finally, notwithstanding the Complaint's reference to a "class action," it is well-established that Plaintiff cannot seek relief on behalf of the prisoner population at large. Indeed, "*pro se* prisoners cannot bring a class action lawsuit," *Harrison v. Leviner*, No. 9:23-cv-1116-RMG-MHC, 2023 WL 4601020, at *1 (D.S.C. July 17, 2023), or litigate the legal rights of other inmates. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *Hummer v. Dalton,* 657 F.2d 621, 625–26 (4th Cir. 1981) (explaining that a prisoner's lawsuit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"); *see also Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (noting that a plaintiff "must allege that he, himself, sustained a deprivation of a right" to state a claim under 42 U.S.C. § 1983). Accordingly, any claims raised as part of a class action are subject to summary dismissal.

**CONCLUSION**

For the reasons discussed above, the undersigned finds that Plaintiff cannot bring any actionable claims pursuant to the PREA, OSHA, 42 U.S.C. § 1983, or as part of a class action, and therefore **RECOMMENDS** that the Court summarily **DISMISS** the same without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). The undersigned also **RECOMMENDS** that the Court **DISMISS** the Governor of South Carolina from this action for failure to state a claim upon which relief may be granted.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 30, 2024
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).