IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick O'neal Harris, | Case No. 2:23-cv-06282-DCC-MGB |
| Plaintiff, | |
| v. | **ORDER** |
| Lieutenant W. Pistory, Timothy Young, Federal Bureau of Prisons, Warden Janson, L. Newcombe, T. Hamilton, A. Lemos, P. Davis, R. Ferry, Coleman, Evans, K. Bornoden, Wells, Nevils, D. Cooper, Parker, A. Brayes, C. Brash, Preston, Moreaus, Morales, Williard, Screws, Guss, Vindaver, Lovett, Ellison, C. Thorpe, B. Perez, Howard, Ready, M. Allen, A. Brinson, K. Ridgeway, Randolph, R. Velez, K. Julian, L. Brabham, M. Taylor, C. Rodrigues, Dorsey, S. Gianelli, K. Wohlgemuth, Morgan, A. Anderson, Schmidtz, F. Collins, South Carolina Governor, Federal Bureau of Prisons, John Does, | |
| Defendants. | |

This matter is before the Court upon Plaintiff's allegations that his civil rights have been violated. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On August 30, 2024, the Magistrate Judge issued a Report recommending that the Governor of South Carolina and Plaintiff's claims pursuant to the Prison Rape Elimination Act, the

Occupational Safety Health Act, 42 U.S.C. § 1983, or as part of a class action be summarily dismissed. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's

---

[1] Plaintiff filed letters on October 18, 2024, and October 24, 2024. ECF Nos. 30, 34. The Court has reviewed these documents and finds they should not be considered objections to the Report.

recommendation.  The Governor of South Carolina as well as Plaintiff's claims pursuant to the Prison Rape Elimination Act, the Occupational Safety Health Act, 42 U.S.C. § 1983, or as part of a class action are **DISMISSED** without leave to amend.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 29, 2024<br>
Spartanburg, South Carolina