IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick O'neal Harris, ) | Case No. 2:23-cv-06282-DCC-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lieutenant W. Pistory, Timothy Young, ) | |
| Federal Bureau of Prisons, Warden ) | |
| Janson, L. Newcombe, T. Hamilton, ) | |
| A. Lemos, P. Davis, R. Ferry, Coleman, ) | |
| Evans, K. Bornoden, Wells, Nevils, ) | |
| D. Cooper, Parker, A. Brayes, C. Brash, ) | |
| Preston, Moreaus, Morales, Williard, ) | |
| Screws, Guss, Vindaver, Lovett, Ellison, ) | |
| C. Thorpe, B. Perez, Howard, Ready, ) | |
| M. Allen, A. Brinson, K. Ridgeway, ) | |
| Randolph, R. Velez, K. Julian, ) | |
| L. Brabham, M. Taylor, C. Rodrigues, ) | |
| Dorsey, S. Gianelli, K. Wohlgemuth, ) | |
| Morgan, A. Anderson, Schmidtz, ) | |
| F. Collins, South Carolina Governor, ) | |
| Federal Bureau of Prisons, John Does, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's allegations that his civil rights have been violated. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On August 30, 2024, the Magistrate Judge issued a Report recommending that the Governor of South Carolina and Plaintiff's claims pursuant to the Prison Rape Elimination Act, the

Occupational Safety Health Act, 42 U.S.C. § 1983, or as part of a class action be summarily dismissed.  ECF No. 24.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  The undersigned issued an Order adopting the Report upon review for clear error in the absence of any objections on October 29, 2024.  ECF No. 35.  On November 6, 2024, Plaintiff filed a notice stating that he had not received the Report until October 31, 2024.  ECF No. 45.  Accordingly, the Court vacates its prior Order, construes Plaintiff's notice as objections to the Report, and issues the following Order ruling on the Report.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, because Plaintiff filed objections, the Court's review of this matter has been de novo.  The Magistrate Judge recommends that the Governor of South Carolina as well as Plaintiff's claims pursuant to the Prison Rape Elimination Act ("PREA"), the Occupational Safety Health Act ("OSHA"), 42 U.S.C. § 1983, or as part of a class action be dismissed.  In his objections, Plaintiff maintains that his claims under OSHA should not be dismissed because he was not provided with a safe place to work, that his PREA claims should not be dismissed because Defendants violated the "law rule/regulation/policy/procedures," and that his claims under Title II of the Americans with Disabilities Act and his claims pursuant to the Eighth and Fourteenth Amendments should not be dismissed.  He also seems to object top the dismissal of the Governor of South Carolina.

With respect to Plaintiff's PREA allegations, as explained in more detail by the Magistrate Judge, "PREA did not create a private right of action allowing a plaintiff to bring a claim pursuant to the PREA against a prison official." *Bivens v. Boyd*, No. 9:22-cv-4553-SAL-MHC, 2023 WL 6542259, at *3 (D.S.C. Mar. 22, 2023), *adopted by*, 2023 WL 6540905 (D.S.C. Oct. 6, 2023).  As to Plaintiff's OSHA claims, courts have recognized that OSHA also does not create a private right of action. *Jones v. S. Atl. Galvanizing*, No. 6:22-CV-1152-TMC, 2023 WL 1432635, at *3 (D.S.C. Feb. 1, 2023), *aff'd,* No. 23-1389, 2023 WL 4839361 (4th Cir. July 28, 2023).  Accordingly, these claims are subject to dismissal.

Turning to any objections to the Magistrate Judge's recommendation that Plaintiff's claims pursuant to § 1983 and against the Governor of South Carolina be dismissed, at

3

all relevant times, Plaintiff was a federal prisoner. Accordingly, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics.* 403 U.S. 388 (1971), and do not implicate the Governor of South Carolina. As to any potential class action claims, "*pro se* prisoners cannot bring a class action lawsuit," *Harrison v. Leviner*, No. 9:23-cv-1116-RMG-MHC, 2023 WL 4601020, at *1 (D.S.C. July 17, 2023), or litigate the legal rights of other inmates, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Thus, these claims are subject to dismissal.

As set forth above, the Court's prior order is **VACATED**. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. The Governor of South Carolina as well as Plaintiff's claims pursuant to PREA, OSHA, 42 U.S.C. § 1983, or as part of a class action are **DISMISSED** without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 7, 2024
Spartanburg, South Carolina