IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick O'neal Harris, | ) | Case No. 2:23-cv-06282-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Federal Bureau of Prisons, W. Pistory, Timothy Young, S. Janson, L. Newcomb, T. Hamilton, A. Lemos, P. Davis, R. Ferry, Coleman, Evans, K. Bonorden, Wells, Nevils, D. Cooper, Parker, A. Brayes, C. Barsh, Preston, Moreaus, Morales, Williard, Screws, Guss, Vindanver, Lovett, Ellison, C. Thorpe, B. Perez, Howard, Ready, M. Allen, A. Brinson, K. Ridgeway, Randolph, R. Velez, K. Julian, L. Brabham, M. Taylor, C. Rodrigues, Dorsey, S. Gianelli, K. Wohlgemuth, Morgan, A. Anderson, Schmidtz, F. Collins, the Director of the Federal Bureau of Prisons, John Does, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 74. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On January 28, 2025, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 57. Plaintiff filed a response in opposition. ECF No. 67. On July 18, 2025, the Magistrate Judge issued a Report recommending that

the motion be granted. ECF No. 74. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report and a supplement. ECF Nos. 76, 77.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends treating Defendants' motion as one for summary

judgment and further recommends that the motion be granted.[1]  Because Plaintiff filed objections,[2] the Court's review has been de novo.  Plaintiff brings claims pursuant to the Federal Tort Claims Act ("FTCA"); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); and the Americans with Disabilities Act ("ADA").

### *FTCA claims*

The Magistrate Judge determined that Plaintiff failed to exhaust the administrative remedies with respect to his FTCA claims.  Plaintiff objects[3] to this recommendation.[4]  ECF No. 77 at 8.

---

[1] In footnote 5 of the Report, the Magistrate Judge notes that "to the extent the Court construes Regional Director Phelps and/or former BOP Director Peters as Defendants in this civil action—the Court lacks personal jurisdiction over Phelps and Peters for the reasons set forth in Defendants' motion. (Dkt. No. 57 at 16–18)." ECF No. 74 at 7 n.5. Plaintiff has not specifically objected to this portion of the Report; nevertheless, the Court has reviewed this portion of the Report, the applicable law, and the record de novo.  Upon such review, the Court does not find that Phelps and Peters are Defendants to this action; however, even if they were, they are subject to dismissal for lack of personal jurisdiction.  The Court has further reviewed the remaining portion of footnote 5 de novo and agrees that Defendants Anderson, Dorsey, Julian, and Newcomb are entitled to absolute immunity for all claims arising from the medical care they provided to Plaintiff because they were Commissioned Officers in the United States Public Health Service during all relevant time periods.  *See* ECF No. 74 at 7 n.5.

[2] Plaintiff states that the objections have been filed "under penalty of perjury . . . ." ECF No. 77 at 1.  The Court has so considered the document.

[3] The Court notes that Plaintiff's objections can be challenging to interpret.  In consideration of the liberal construction afforded to pro se litigants, the Court has endeavored to address all objections made by Plaintiff.

[4] Most of Plaintiff's objections concerning exhaustion of administrative remedies relate to the exhaustion of his *Bivens* claims.  The requirements for exhaustion of FTCA

There is evidence in the record that his first administrative tort claim was received on January 23, 2024, and his second administrative tort claim was received on January 25, 2024. ECF No. 57-1 at 2, 7, 14. Accordingly, it is clear that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit on or about December 6, 2023.[5] ECF No. 1.

The plain language of 28 U.S.C. § 2675(a) clearly provides that the administrative process must be fully exhausted prior to the commencement of an action in federal court pursuant to the FTCA. See 28 U.S.C. § 2675(a). The Supreme Court has held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. *McNeil v. United States,* 508 U.S. 106, 122 (1980). Thus, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," and a court may not equitably expand its jurisdiction beyond the limits established by Congress. *Id.*; *Ramming v. United States,* 281 F.3d 158, 165 (5th Cir. 2001). Therefore, summary judgment is appropriate with respect to Plaintiff's FTCA claims.[6]

---

and *Bivens* claims are separate and distinct. *See Moore v. Rife*, No. CV 1:20-00575, 2023 WL 2674860, at *2 (S.D.W. Va. Mar. 29, 2023).

[5] Even if the Court were to consider the dates that the forms were signed (November 20, 2023, and December 18, 2023), it is clear from the record evidence that Plaintiff did not complete the administrative exhaustion process prior to filing suit. *See generally*, ECF No. 57-1.

[6] To the extent Plaintiff requests leave to amend to add the United States as a Defendant to this action, such amendment would be futile for the reasons given above.

4

***Bivens* Claims**

As to Plaintiff's *Bivens* claims, the Magistrate Judge recommends that they be dismissed for failure to exhaust administrative remedies and upon review of the merits.[7] Because it is dispositive of this case, the Court turns to the merits of Plaintiff's *Bivens* claims.

As an initial matter, any Defendants' motion for summary judgment is granted as to any claims against Defendants in their individual capacities.  *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (noting a *Bivens* action will "not lie against either agencies or officials in their official capacity" (emphasis omitted)).  The Court will not address Plaintiff's claims against Defendants in their individual capacities.

<u>First and Fifth Amendment Claims</u>

The  Magistrate Judge determined that summary judgment is appropriate with respect to Plaintiff's claims pursuant to the First and Fifth Amendment because these *Bivens* claims have not been recognized.  The undersigned agrees that it has been generally held that there is no *Bivens* remedy for First Amendment claims similar to those brought by Plaintiff.  *See, e.g., Earle v. Shreves*, 990 F.3d 774, 779, 781 (4th Cir. 2021) (noting that "[t]he Supreme Court has never recognized a First Amendment based *Bivens* remedy in any context," and the Fourth Circuit has "declin[ed] to expand the *Bivens*

---

[7] The Court notes that Plaintiff objects to the Magistrate Judge's determination that he failed to exhaust his administrative remedies and argues that the administrative process was unavailable.  Because the Court finds that Plaintiff is not entitled to relief upon a review of the merits of his claims, the Court declines to address the exhaustion issue.

5

remedy to include [a] First Amendment retaliation claim"); *Curry v. Olberding*, No. 1:21-cv-1300-HMH-SVH, 2022 WL 791925, *adopted by*, 2022 WL 788874 (D.S.C. Feb. 3, 2022) (finding there is no *Bivens* remedy for claims of retaliatory discipline, interference with mail, and interference with administrative remedies); *Jones v. Antonelli*, No. 6:19-cv-3036-MBS-KFM, 2020 WL 6292486, at *5 (D.S.C. Jan. 15, 2020), *adopted by*, 2020 WL 5557841 (D.S.C. Sep. 17, 2020) (holding that a plaintiff has no *Bivens* remedy for money damages pursuant to claims of retaliatory discipline).

Further, Plaintiff has no *Bivens* remedy for his attempted Fifth Amendment claims. Plaintiff's claims here arise from the disciplinary action and proceedings following his confrontation with prison officials about his seizure medicine and his subsequent move to the Special Housing Unit. As noted by the Magistrate Judge, the Fourth Circuit has held that there is no *Bivens* cause of action under similar circumstances. *Mays v. Smith*, 70 F. 4th 198, 200 (4th Cir. 2023). The *Mays* court noted that this was a new context under *Bivens*, and that special factors—including the administrative remedies procedure and the statutory scheme delegating authority for housing decisions and prison discipline to the BOP—counseled against extending *Bivens* to this type of Fifth Amendment violation. Upon review, the Court agrees and finds that summary judgment is appropriate with respect to Plaintiff's First and Fifth Amendment claims.

<u>Eighth Amendment Claims</u>

Plaintiff brings several Eighth Amendment claims. Similar to Plaintiff's other *Bivens* claims, the Court finds that Plaintiff's Eighth Amendment claims present a new

context and that special factors counsel that the remedy should not be extended. The Court will address each claim in turn.

### Conditions of Confinement

The Magistrate Judge recommends that summary judgment be granted as to Plaintiff's conditions of confinement claims. Plaintiff seems to allege that the conditions of his confinement rise to the level of a constitutional violation. ECF No. 76 at 2–3.

As noted above and as explained in more detail by the Magistrate Judge, the motion for summary judgment should be granted as to Plaintiff's conditions of confinement claims because *Bivens* has not been extended in this context and Plaintiff has presented no new circumstances under which an extension of *Bivens* may be appropriate. *See Garcia v. Barnes*, No. 9:23-cv-01877-SAL-MHC, 2024 WL 3403051, at *8 (D.S.C. June 13, 2024), *adopted by*, 2024 WL 3400911 (D.S.C. July 12, 2024) ("Plaintiff's claims under the Eighth Amendment pertaining to excessive force or conditions of confinement contain contexts in which *Bivens* has not been extended."). Therefore, summary judgment is appropriate with respect to this claim.

### Failure to protect

Likewise, Plaintiff's failure to protect claim presents a new context for *Bivens* and special factors do not support extending it. *See, e.g., Bulger v. Hurwitz*, 62 F.4th 127, 138–39, 142 (4th Cir. 2023) (finding that failure to protect claims are considered a new *Bivens* context and special factors did not support extending *Bivens* to such claims); *Hammond v. Two Unknowm Named Agents of United States Marshals Serv.*, No. 4:20-cv-4298-JFA-TER, 2023 WL 2025206, at *5 (D.S.C. Jan. 9, 2023), *adopted by*, 2023 WL

7

2025171 (D.S.C. Feb. 15, 2023) (declining to extend *Bivens* to failure to protect or excessive force claims arising from alleged altercation with United States Marshals); *Dent v. Tucker*, No. 6:23-cv-03404-JD-KFM, 2023 WL 9004866, at *6 (D.S.C. Nov. 13, 2023), *adopted by*, 2023 WL 9002700 (D.S.C. Dec. 28, 2023) (explaining that the plaintiff's failure to protect claim based upon BOP employee's failure to protect him from attack by other inmates presented a new *Bivens* context and that "the courts have previously rejected extending *Bivens* to [that context]"). Accordingly, summary judgment is appropriate with respect to this claim.

<u>Excessive force</u>

Turning to Plaintiff's excessive force claim, the Court finds this also presents a new *Bivens* context that special factors do not support extending. As recognized by the Magistrate Judge, the United States Supreme Court recently held the same in *Goldey v. Fields*, No. 24-809 (June 30, 2025). Plaintiff makes several objections related to this claim. First, the entirety of ECF No. 76 seems to take issue with Defendants' counsel notice of supplemental authority filed on July 3, 2025, which directed the Court's attention to this recent Supreme Court ruling. *See* ECF No. 72. Plaintiff appears to allege that this was "newly discovered precedent," the consideration of which would violate his Fourteenth Amendment rights. ECF No. 76 at 3. Plaintiff has not pointed to any authority, nor is the Court aware of any, requiring the Magistrate Judge or the undersigned to ignore relevant Supreme Court caselaw. He has further failed to demonstrate that Defendants' filing was improper. Accordingly, Plaintiff's objections in ECF No. 76 are overruled.

8

Turning back to the claim at issue, it is clear that *Bivens* does not extend to excessive force claims like the ones made by Plaintiff.  *See Goldey*, No. 24-809 (June 30, 2025).  Accordingly, summary judgment is appropriate with respect to this claim.

<u>Deliberate Indifference to Serious Medical Needs</u>

The Magistrate Judge recommends dismissal of these claims because, while some deliberate indifference to serious medical needs claims have been recognized, the claims brought by Plaintiff represent a new *Bivens* context.  The Magistrate Judge determined that Plaintiff is alleging minor injuries, including exacerbation of a previous shoulder fracture and an abrasion on his face.  To the extent he alleges neurological damage from treatment he received or failed to receive for a seizure disorder, these assertions are unsupported by the record.  Moreover, these would be complaints related to long-term inadequate care for a chronic, non-fatal condition and not a medical emergency as contemplated by *Carlson v. Green*, 446 U.S. 14 (1980).  In his objections, Plaintiff seems to allege that his claims relate to a medical emergency.  ECF No. 77 at 3

As noted by the Magistrate Judge, Plaintiff's injuries to his shoulder and the abrasion to his face are relatively minor.  Therefore, they are unlike *Carlson*, and present a new *Bivens* context.  Plaintiff's objections seem to center on his allegations that the treatment of his seizure disorder constituted deliberate indifference to serious medical needs.  He asserts that this treatment constituted an emergency; however, upon review of the relevant caselaw, the Court finds that the allegations in this action are not sufficiently similar to the facts in *Carlson* such that this case represents a new *Bivens* context.  *See Orellana v. Godec*, No. 23-2224, 2025 WL 2151596, at *4 (4th Cir. July 30,

2025) ("If—and only if—the case is precisely like *Bivens, Passman*, or *Carlson* in all these ways, we stop at step one and allow the claim to proceed."). Accordingly, summary judgment is granted as to Plaintiff's deliberate indifference to serious medical needs claims.[8]

### ADA claim

The Magistrate Judge recommends dismissal of Plaintiff's ADA claims because suits against Defendants in their individual capacity are suits against the United States of America and the ADA does not apply to the federal government. She further recommends finding that Plaintiff cannot maintain a suit against Defendants in their individual capacities because the ADA does not authorize individual liability. Plaintiff objects and seems to argue that the ADA allows him to bring his *Bivens* claims.

"Title II of the ADA . . . [does not] provide[ ] for individual capacity suits against state officials." *Garcia v. S.U.N.Y. Health Sciences Ctr.,* 280 F.3d 98, 107 (2d Cir. 2001) (collecting cases). Therefore, such a suit may only be brought against a defendant in their official capacity. Accordingly, to the extent Plaintiff alleges ADA claims against Defendants in their individual capacities, Defendants' motion for summary judgment is granted as to these claims.

Further, to the extent Plaintiff attempts to bring a claim against the federal government under the ADA, those claims must be dismissed because the "federal government cannot be sued under the ADA." *Hooker v. Disbrow*, No. 1:16-CV-1588-GBL-

---

[8] To the extent it is necessary to do so, the Court specifically finds that, as to all of Plaintiff's claims, special factors do not weigh in favor of extending *Bivens*.

10

JFA, 2017 WL 1377696, at *3 (E.D. Va. Apr. 13, 2017). The ADA "specifically excludes the federal government from its coverage." *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 422 (E.D. Va. 2004); 42 U.S.C. § 12111(5)(B)(i) (stating that the ADA's definition of the term "employer" "does not include . . . the United States, [or] a corporation wholly owned by the government of the United States"). Therefore, Plaintiff's Defendants' motion for summary judgment is granted as to Plaintiff's ADA claims.

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's objections are overruled, and Defendants' motion for summary judgment [57] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 4, 2025
Spartanburg, South Carolina